167 So. 188

**HUNT v. SIMS.**

No. 33865.

March 31, 1936.

Supplemental Opinion April 8, 1936.

George Wesley Smith, of Monroe, for appellant.

Clyde Turner and R. V. Reeves, both of Oak Grove, Anders & Anders, of Winnsboro, and Jno. R. McIntosh, of Oak Grove, for appellee.

ROGERS, Justice.

Plaintiff and defendant were opposing candidates for the office of district attorney of the Fifth judicial district at a second or run-off primary election held on March 3, 1936. According to the returns as promulgated by the Democratic executive committee of the judicial district, the defendant was declared the party nominee for the office. Plaintiff brought this suit, alleging that as a result of the primary election he, and not the defendant, was nominated. As grounds for his contest, plaintiff set up that the election officers at the various precincts throughout the parishes of Franklin, Richland, and West Carroll, which compose the Fifth judicial district, incorrectly counted and tabulated the votes cast in the election and that the Democratic executive committee went behind

the returns of the clerks and commissioners of ward 2, precinct 2, West Carroll parish, and through ex parte evidence changed the returns so as to enable the committee to declare defendant the nominee instead of plaintiff. After hearing the case on its merits, the court below rejected plaintiff's demands. From that judgment, plaintiff has appealed.

■ The law requires us to decide cases of this character within twenty-four hours from the time they are submitted. In compliance with the requirement, we hand down our decree, with reservation of the right to give written reasons later. Perez v. Cognevich, 156 La. 331, 100 So. 444; McConnell v. Salmon, 174 La. 606, 141 So. 73.

For the reasons orally assigned and to be set forth in an opinion hereafter to be filed, the judgment herein appealed from is affirmed with costs.

### Supplemental Opinion.

Plaintiff and defendant were opposing candidates for the office of district attorney for the Fifth judicial district at a second or run-off primary election held on March 3, 1936. According to the returns as promulgated by the Democratic executive committee of the judicial district, the defendant was declared the party nominee for the office. Plaintiff then brought this suit, alleging that as a result of the primary election he, and not the defendant, was nominated. As grounds for his contest, plaintiff set up that the election officials at the various precincts throughout the parishes of Franklin, Richland, and

West Carroll, which compose the Fifth judicial district, incorrectly counted and tabulated the votes cast in the election, and that the Fifth judicial district Democratic executive committee went behind the returns of the election officials of precinct 2, ward 2, West Carroll parish, and through ex parte evidence changed the returns so as to enable the committee to declare defendant the party nominee instead of plaintiff. The prayer of the petition was that the action of the committee be annulled as ultra vires, and that plaintiff be declared the party nominee as district attorney for the Fifth judicial district.

Defendant filed exceptions of no right or cause of action and vagueness, which exceptions were overruled. Reserving his rights under the exceptions, defendant answered, denying the allegations of the petition, alleging that for the reasons set forth in the answer the action of the committee was proper and lawful, and averring that he had a clear majority of the votes cast in the election and was therefore the party nominee and was justly and properly so declared and certified by the judicial committee.

After hearing the case on its merits, the court below rejected plaintiff's demands, and plaintiff has appealed from the judgment.

Plaintiff abandoned all his complaints, except the one leveled at the action of the judicial committee relative to the returns from precinct 2, ward 2, parish of West Carroll.

The record shows that the judicial committee met on March 7, 1935, to tabulate

the returns of the election. At that time no returns had been received from two precincts in Franklin parish and one precinct in Richland parish. The members of the committee also observed that the return from precinct 2 of ward 2 of West Carroll parish was palpably incorrect, in that the result of the second primary election for a member of Congress had been erroneously sent in for the return of the second primary for the office of district attorney. The meeting of the committee was then adjourned to March 10, 1935, so that the missing returns might be obtained and the erroneous return corrected. At the meeting held on March 10, 1935, the committee had before it all the returns, except the one from precinct 1 of ward 6 of Richland parish. The committee also had before it documentary and testimonial proof showing the correct return for precinct 2, ward 2, West Carroll parish. In lieu of the missing return from precinct 1 of ward 6 of Richland parish, the committee accepted as correct the return shown on the tally sheets filed with the chairman of the Richland parish Democratic committee and with the secretary of state, which was favorable to plaintiff. The committee also had before it the official and correct return of precinct 2, ward 2, West Carroll parish, as filed with the chairman of the West Carroll parish Democratic committee and with the secretary of state. The committee then tabulated the returns, which tabulation, when completed, showed that plaintiff had received 7,052 votes and defendant had received 7,274, or a clear majority of 222 votes for the defendant. On this showing, the committee declared defendant the party nominee for district attorney and so certified his name to the secretary of state.

Plaintiff does not dispute the facts, but relies wholly on his purely technical contention that the committee was bound to accept the admittedly erroneous return as correct. What the committee did was not to entertain and decide a contest, but, in the interest of justice, to correct a patent error in the return. We cannot see why the committee's action in that respect was unlawful. It seems to us that a committee in charge of a primary election has the right to correct an admittedly clerical or mechanical error in a return.

But plaintiff contends that under the primary election law, the court, and not the committee, is the only tribunal clothed with the authority to inquire into and determine the correctness of the returns of the primary election. In support of his contention, plaintiff refers to Act No. 97 of 1922, § 27; Act No. 110 of 1934, § 1; Act No. 8 of the Second Extra Session of 1934, § 4.

Whether the committee in charge of the primary election acted within its powers in permitting the admittedly erroneous return to be corrected and in declaring defendant the party nominee for district attorney has become a matter of no importance, since the issue has been presented to the courts for their decision. The evidence produced on the trial of the case amply sustains the action of the committee and supports the judgment of the court below.

On the trial of the case, counsel for plaintiff interposed a general objection to

the introduction of any evidence, oral or documentary, tending to sustain the action of the committee. This was merely an ingenious attempt to exclude all evidence as would establish the fact that the return under review was incorrect, which was the precise question presented to the trial judge for his determination. The objection was properly overruled.

The evidence adduced on the trial of the case clearly shows that the tabulation and promulgation of the vote by the Fifth judicial district Democratic committee was correct and in accordance with the true vote cast in the primary election. It appears from the evidence that the election officers in charge of precinct 2, ward 2, West Carroll parish, prepared three original tally sheets at the time the votes for the nomination for the office of district attorney were counted and tabulated. Each of these tally sheets, when completed, reflected the true vote cast in the precinct, and showed that Hunt, the plaintiff, received 68 votes and Sims, the defendant, received 170 votes. One of the tally sheets was sent to the chairman of the West Carroll parish Democratic executive committee, who was also a member of the Fifth judicial district Democratic executive committee. Another tally sheet was sent to the secretary of state. The third tally sheet was deposited in the ballot box. At the same primary election in which candidates for the nomination for district attorney were voted for a primary election for the party nomination for Congressman from the Fifth Congressional district was also held. The opposing candidates in that

election were Newt. V. Mills and Riley J. Wilson. The election officers in charge of precinct 2, ward 2, West Carroll parish, also prepared three original tally sheets at the time the votes for the party nomination for Congressman were counted and tabulated. Each of those tally sheets, when completed, showed that Mills received 203 votes and Wilson received 37 votes. After the election officers had completed and signed the three original tally sheets showing the result of the primary election in their precinct for the party nomination for district attorney, they selected one of their number to prepare a copy of one of the tally sheets to be sent to the chairman of the Fifth judicial district Democratic executive committee. Through the mistake of the election officer so selected the copying was done from one of the original tally sheets showing the result of the primary election for the party nomination for Congressman and not from one of the original tally sheets showing the result of the primary election for the party nomination for district attorney. On this erroneous so-called tally sheet, which was sent unchecked to the chairman of the Fifth judicial district Democratic executive committee, Hunt, the plaintiff, was credited with 203 votes, which were the votes received by Mills, candidate for the party nomination for Congressman, and Sims, the defendant, was credited with 37 votes, which were the votes received by Wilson, candidate for the party nomination for Congressman.

Therefore, the undisputed evidence in the record shows clearly that the so-called return sent to the judicial district commit-

tee ·was merely a copy of the return in the Congressional election and not of the return in the election for district attorney. The official returns filed with the secretary of state, the chairman of the parish Democratic executive committee and deposited in the ballot box showed that Hunt, the plaintiff, received 68 votes instead of 203 votes in the precinct and that Sims, the defendant, received 170 votes instead of 37 votes in the precinct. The election officer who made the mistake testified, admitting the mistake and explaining how the mistake occurred. All the other election officers also testified that the mistake occurred and as to the actual votes cast, counted and tabulated in the precinct, namely 68 for Hunt and 170 for Sims. The official return of the vote in the Congressional primary election supported the testimony of the election officers and disclosed the error.

The committee, in its effort to be fair in its rulings, resorted to the original tally sheet of the vote in precinct 1, ward 6, Richland parish, in the possession of the chairman of the Richland parish Democratic executive committee, and also to the certificate of the secretary of state in lieu of a return for the precinct and ward, which the committee never received, in order to determine the vote cast in the precinct and ward. This ruling was distinctly favorable to plaintiff and he makes no complaint in regard thereto. If the vote from that precinct and ward had not been counted and tabulated by the committee, and if the palpable error in plaintiff's favor in the so-called return from precinct 2, ward 2, West Carroll parish, had been allowed to stand, defendant would still have been entitled to the nomination for district attorney by a majority of 17 votes.

It would be a strained construction of the primary election laws which would prevent a committee in charge of the election from correcting a palpable clerical or mechanical error; and it would be a much more strained construction of those laws which would compel a court of justice to perpetuate such an error merely because the committee had attempted to correct it, thereby depriving a candidate of a nomination to which he is legally entitled.

We are satisfied that the result of the primary election as promulgated by the Fifth judicial district democratic executive committee represents the declared wishes by 222 of the qualified electors who participated therein.

The law requires us to decide cases of this kind within twenty-four hours from the time they are submitted. We did so in this case, assigning at the time oral reasons, reserving the right to later assign written reasons.

For convenience, we repeat the decree handed down, viz.:

"For the reasons orally assigned and to be set forth in an opinion hereafter to be filed, the judgment herein appealed from is affirmed with costs."