**57 So.2d 758**

## GUILLORY et al. v. EVANGELINE PARISH DEMOCRATIC EXECUTIVE COMMITTEE et al.

### No. 40747.

March 18, 1952.

Opinion March 20, 1952.

Clanton & Young, Eunice, L. Austin Fontenot, Opelousas, Bernard Marcantel, Jennings, for defendant-appellant.

Tate & Fusilier, Ville Platte, for plaintiff-appellee.

PER CURIAM.

Under LSA–R.S. 18:364(E), this court is required to decide cases of this nature within 24 hours after submission. In compliance with this provision of law we hand down our decree, with reservation of the right to give hereafter written reasons therefor. See Perez v. Cognevich, 156 La. 331, 100 So. 444; McConnell v. Salmon, 174 La. 606, 141 So. 73; Hunt v. Sims, 184 La. 679, 167 So. 188; State ex rel. Bowdon v. Blackman, 208 La. 475, 23 So.2d 188.

For the reasons to be assigned and set forth in an opinion to be filed hereafter, the judgment appealed from is affirmed; appellant to pay all costs of this appeal.

LE BLANC, J., absent.

Opinion.

HAWTHORNE, Justice.

Defendant-appellant, Orise Rider, has appealed to this court from a judgment of

the district court of Evangeline Parish decreeing plaintiff-appellee, Russell J. Guillory, to be one of the nominees of the Democratic Party for the offices of the two police jurors to be elected from the Third Ward of that parish.

The Evangeline Parish Democratic Executive Committee in promulgating the returns of the second primary election held on February 19, 1952, declared Simon B. Guillory and Orise Rider the two nominees of the party for the offices of police juror to be elected from Ward 3 of Evangeline Parish. According to the promulgation of these returns by the committee, Simon B. Guillory received 1480 votes, defendant-appellant Orise Rider 1428, plaintiff-appellee Russell J. Guillory 1423, and Moise Chapman 1412. Russell J. Guillory and Moise Chapman timely instituted the instant suit praying for a recount, under the provisions of LSA–R.S. 18:364, of the ballots cast in all precincts for the offices of police juror. They alleged that a recount would change the results of the election, and prayed that after the recount they be declared the nominees for the offices. The court ordered the recount as prayed for, with the exception of the votes in the ballot box in Precinct 3 of the ward, and for this box accepted as correct the official returns made by the election commissioners. The court determined after the recount that Simon B. Guillory received 1460 votes, Russell J. Guillory 1410, Orise Rider 1407, and Moise Chapman 1393, and accordingly

decreed Russell J. Guillory and Simon B. Guillory to be the nominees of the Democratic Party for the offices in contest. From this judgment only Orise Rider appealed to this court.

The appellant has affirmatively shown that, because of the manner in which the finances of Evangeline Parish are handled, the emoluments of the offices involved for the full term are in excess of $2000, and therefore this court has appellate jurisdiction of this case.

According to both the promulgation of the returns and the recount ordered and conducted by the court, Simon B. Guillory received the largest number of votes and was accordingly declared one of the two nominees for the offices of police juror from Ward 3. The issue here concerns the other office of police juror in that ward and is between Russell J. Guillory, who was the nominee according to the recount, and Orise Rider, who was the nominee according to the promulgation.

In this court appellant Orise Rider contends that the district court erred in ordering a recount of the ballots cast in the election because: "(1) The said boxes and their contents were tampered with or disturbed subsequent to being closed by the commissioners; (2) that the plaintiffs failed to produce satisfactory evidence that the said ballot boxes or their contents had not been tampered with or disturbed subsequent to their being closed by the commissioners of election; and (3) that the said

ballot boxes as shown by the evidence were not safely preserved or kept as required by [LSA–]R.S. 18:354." In the alternative he alleges that the recount and the tally made under the order of the court were erroneous; that for this reason the recount as tabulated should be disregarded, and that the official promulgation as made by the Democratic Executive Committee should prevail.

Section 86 of Act No. 46 of 1940, LSA–R.S. 18:364, requires certain proof to be made before a recount can be ordered. LSA–R.S. 18:364(B) reads as follows: "* * * However, before any box is thus recounted *satisfactory evidence* shall be produced to the court that the box or the contents thereof have not been tampered with or disturbed subsequent to its closing by the commissioners. * * *" (All italics ours.)

The general rule which prevailed in this state prior to the enactment of Act No. 46 of 1940 was announced in the case of McConnell v. Salmon, 174 La. 606, 141 So. 73, 74, thus: "The general rule which prevails in this state and elsewhere is that the burden is upon him who seeks to offer the ballots in evidence to prove with *reasonable certainty* that they have not been tampered with since the election, or that their preservation has been such as to exclude any reasonable opportunity of tampering with them * * *." See also Thornhill v. Wear, 131 La. 739, 60 So. 228; Dutel v. Domingues, 166 La. 301, 117 So. 232.

The proof that the statute requires before any such recount may be obtained is *satisfactory evidence* that the box or the contents thereof have not been tampered with or disturbed after its closing by the commissioners, whereas under the general rule which prevailed prior thereto the proof required was evidence which would prove with *reasonable certainty* that they had not been tampered with since the election. We do not think there is any material difference between the degree of proof required by the statute and that required by the general rule recognized before its enactment. We do think that proof should be made that there has been no reasonable opportunity for the box or its contents to have been tampered with in order to comply with the statutory requirement of *satisfactory evidence*. The showing in this case was sufficient to comply with the statutory requirement of proof.

According to the testimony of an election commissioner from each precinct from which the boxes were recounted, the ballot boxes were properly locked and sealed by the commissioners and on the night of the election were brought by them and deposited with the clerk of court in his office, and, from the time of the closing and sealing of the boxes by the commissioners until they were deposited with the clerk, neither the boxes nor the contents thereof had been tampered with or disturbed.

On election night, according to the chief deputy clerk and three other deputies, the

boxes were accepted as the commissioners brought them into the clerk's office and the commissioners given receipts for them. The boxes were placed on a table for a few minutes in the main room of the clerk's office and then taken into a small anteroom, where they were stored on shelves with the boxes from all other precincts and remained until taken into court for the recount.

The small anteroom in which the boxes were stored could be entered only through the clerk's office. The clerk's office itself was locked each night, and the windows were barred. The only keys which would give access to the office were in the possession of the clerk or one of his deputies, and no other person except the clerk and his deputies had access to the office. Although the door to the anteroom in which the ballot boxes were stored was not locked and was left open, the room itself during the hours the clerk's office was open was under the constant surveillance and supervision of the clerk or his deputies, at least one of whom was present in the office at all times during the day, and no one could have entered this room without being seen by these officers. In fact, one deputy clerk had his desk next to the door through which it was necessary to pass in order to go into this anteroom. The officials in whose custody these boxes were during the time they were stored in the anteroom testified that they observed no one tampering with or disturbing these particular boxes or their contents.

When these boxes were brought into open court and viewed by the trial judge, all the boxes which were recounted were locked, had their seals intact and unbroken, and were in the same condition as described by the commissioners who had actually sealed and locked them on the night of the election and deposited them with the clerk.

Appellant contends that, since the boxes were stored in a room which was open and was entered at times by abstracters, attorneys, and other individuals who desired to examine certain records stored therein, the boxes were exposed in such a manner as to afford an opportunity of being tampered with, and that the ruling of the trial judge in permitting their recount was improper.

█ As pointed out by the trial judge in his reasons for judgment, no one could enter this anteroom without passing through the clerk's office, and this room was under the constant surveillance and supervision of the clerk and his deputies. He therefore concluded under the facts of this case that satisfactory proof had been made to warrant his ordering a recount. After reading the entire record, we are convinced, as was the trial judge, that plaintiffs produced satisfactory evidence that the ballot boxes recounted had not been tampered with or disturbed after their closing by the commissioners, and that their preservation by the clerk of court had been such as to exclude any reasonable opportunity of tampering with them, and, further, that the boxes themselves were safely preserved

and kept sealed and intact by the clerk of court as provided by LSA–R.S. 18:354(4).

We next come to appellant's alternative plea that the promulgation made by the Democratic Executive Committee should prevail since there was an error in the recount made under the supervision of the court. Appellant asserts that there was an error in the recount because in each of three precincts the number of votes cast for all candidates, four in number, totaled an odd figure, and that, since each voter was required to vote for two, this result on its face shows an error in the recount.

In the instant case the trial judge named counters as required by the statute to conduct the recount in open court. The statute further provides that the result of such recount is to be announced publicly in the courtroom, and in the absence of any showing to the contrary the presumption is that this was done. If there was an error in the recount as ordered by the court, it was the duty of appellant to call it to the attention of the trial judge and not to wait and raise the question for the first time after the case reached this court on appeal.

Furthermore, even though counsel allege that there was an error for the rea- son as above set forth, they have not pointed out how the error occurred or where the error existed in the recount. Under these circumstances we do not think we should disregard the recount ordered by the court and accept the returns as promulgated by the Parish Democratic Executive Committee.

The appellee answered the appeal, contending that certain ballots which were counted should be rejected as spoiled, thus making his plurality greater. Since we have decided to affirm the judgment, there is no necessity for considering this contention.

Under LSA–R.S. 18:364(E), we are required to decide cases of this nature within 24 hours after submission. We did so in this case, reserving at the time the right to give written reasons later for that decision. For convenience we repeat the decree handed down, to-wit:

"For the reasons to be assigned and set forth in an opinion to be filed hereafter, the judgment appealed from is affirmed; appellant to pay all costs of this appeal."

LE BLANC, J., absent.